ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>V.<br><br>NICKY HERNÁNDEZ GAYA<br><br>Peticionario | KLCE202300406 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Casos Crim. Núm.: I1VP202200699<br><br>Sobre: Art. 246 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico a 31 de mayo de 2023.

El señor Nicky Hernández Gaya [peticionario o señor Hernández Gaya] nos solicita que revisemos la Resolución que emitió el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante referido dictamen, el foro primario denegó una Moción de Desestimación instada por el peticionario al amparo de las Reglas 63, 64(a), 64(P) de Procedimiento Criminal de Puerto Rico, 34 LPRA Ap. II y Artículos 2 y 15[1] del Código Penal de Puerto Rico, 33 LPRA sec. 5002.

Examinado el recurso, procedemos a expedirlo y entonces confirmamos la Resolución contra la que aquí se recurre.

---

[1] Artículo 2. — Principio de legalidad. (33 LPRA sec. 5002) No se instará acción penal contra persona alguna por un hecho que no esté expresamente definido como delito en este Código o mediante ley especial, ni se impondrá pena o medida de seguridad que la ley no establezca con anterioridad a los hechos. No se podrán crear ni imponer por analogía delitos, penas ni medidas de seguridad.
Artículo 15. — Definición. (33 LPRA sec. 5021) Delito es un acto cometido u omitido en violación de alguna ley que lo prohíbe u ordena, que apareja, al ser probado, alguna pena o medida de seguridad.

## I.

Por hechos del 12 de marzo de 2022, el Ministerio Público presentó cinco denuncias contra el señor Hernández Gaya en las que imputó infracción a los Artículos 404A y 412 de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, Ley de Sustancias Controladas de Puerto Rico, 24 LPRA secs. 2404 y 2412; los Artículos 3.23 y 7.02 de la Ley Núm. 22 de 7 de enero de 2000, según enmendada, Ley de Vehículos y Tránsito de Puerto Rico, 9 LPRA secs. 5073 y 5202; y el Artículo 246(a) del Código Penal de 2012, *supra*.

El 2 de febrero de 2023 el señor Nicky Hernández Gaya instó una Moción al amparo de la Regla 63, 64(a), 64(p) y Artículos 2 y 15 del Código Penal de Puerto Rico.  Solicitó que se desestime la acusación porque en la denuncia no se le imputó delito.  Mencionó que la denuncia está predicada en lo siguiente:

> El referido imputado Nicky Hernández Gaya, allá en o para el día 12 de marzo de 2022, en Mayagüez, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia de Puerto Rico, Sala Superior de Mayagüez, ilegal, voluntaria y criminalmente obstruyó el ejercicio de la autoridad pública, Pol. Carlos Ramos Cancel #5006 adscrito al Cuartel de Policía Municipal de Mayagüez, demorando y/o estorbando al Pol. Carlos Ramos Cancel #5006, funcionario en el cumplimiento y/o tratando de cumplir alguna de las obligaciones de su cargo.  Consistente en que el imputado en varias ocasiones hizo caso omiso a la instrucción que le hizo el Pol. Ramos que se detuviera y por lo cual se inició un seguimiento por diferentes calles del pueblo de Mayagüez.

Por estos hechos, se le imputó el delito menos grave del Artículo 246(a) del Código Penal que tipifica la resistencia u obstrucción a la autoridad pública. (33 LPRA sec. 5336).  Adujo que el Artículo 10.22 de la Ley de Vehículos de Tránsito de Puerto Rico, Ley Núm. 7-2000, establece la obligación del conductor de detenerse una vez un agente del orden público se lo requiera. Mencionó, no obstante, que referido artículo no dispone de

sanción penal o administrativa alguna. Así pues, expuso que el legislador no tipificó como delito, el hecho de que un conductor de un vehículo no se detenga luego de que un agente del orden público así se lo requiera. Indicó, a su vez, que no se puede llevar, por analogía, lo contenido en el Artículo 10.22 de la Ley 22 al Artículo 246(a) del Código Penal.

Atendida la Moción, el 2 de febrero, notificada el 14 de marzo de 2023, el Tribunal la declaró "No Ha Lugar". En descuerdo, el 13 de abril de 2023, el señor Hernández Gaya presentó el recurso que atendemos. En este alega que incidió el foro primario al:

> Cometió grave error el Honorable Tribunal de Instancia al declarar No Ha Lugar una "Moción al amparo de la Regla 63, 64 (A) y 64 (P) y Artículo 2 y 15 del Código Penal (33 LPRA sec. 5002) fundamentada en que la denuncia que se le radicara al imputado por el Artículo 246 del Código Penal y la cual da motivos a la radicación de las denuncias por alegada infracción a los artículos 404 y 412 de la Ley de Sustancias Controladas no imputaba delito alguno. No imputando delito alguno dicha denuncia por el Artículo 246 del Código Penal, el estado carece de motivos fundados para procesar por los artículos 404 y 412 de la Ley Núm. 4 al imputado.

Recibido el recurso, le concedimos término a la Oficina del Procurador General para expresarse sobre los méritos del recurso y así lo hizo mediante *Escrito en Cumplimiento de Orden*.

Con el beneficio de ambas comparecencias, disponemos.

**II.**

**A.**

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Pueblo v. Rivera Montalvo, 205 DPR 352 (2020). A diferencia del recurso de apelación, el tribunal superior puede expedir el auto de *certiorari* de manera discrecional. Pueblo v. Rivera Montalvo,

*supra*; Pueblo v. Díaz De León, 176 DPR 913, 917-918 (2009). Sin embargo, esa discreción no es irrestricta. Pueblo v. Rivera Montalvo, *supra*.

El Tribunal Supremo ha indicado que la discreción significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009); García v. Padró, 165 DPR 324, 334 (2005); Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, *supra*, pág. 211. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. Pueblo v. Rivera Santiago, *supra*, pág. 581; S.L.G. Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. La referida regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B**.

En nuestro ordenamiento procesal penal el derecho de un acusado a la debida notificación de los cargos presentados en su contra es de rango constitucional. Ello se desprende de la Enmienda Sexta de la Constitución federal y de la Sec. 11 del Artículo II de nuestra Constitución que dispone, en lo pertinente, que "[e]n todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público, a ser notificado de la naturaleza y causa de la acusación recibiendo copia de la misma...". Pueblo v. Vélez Rodríguez, 186 DPR 621, 627 (2012). Ese mandato constitucional, se desprende a su vez, del debido proceso de ley consagrado en la Enmienda Quinta de la Constitución federal, así como en la Sec. 7 del Art. II de la nuestra, y que exige que el acusado esté informado adecuadamente de la naturaleza y extensión del delito imputado. Pueblo v. Vélez Rodríguez, *supra,* pág. 628. El mecanismo que tiene el Ministerio Público para cumplir con esa obligación de notificación es el uso de la acusación o denuncia (pliego acusatorio) y que, a su vez, el Ministerio Público está obligado a entregar al acusado una copia. Íd.

En esa línea, la Regla 5 de las de Procedimiento Criminal, 34 LPRA Ap. II, define la denuncia como, "un escrito firmado y jurado que imputa la comisión de un delito a una o a varias personas." Agrega la Regla 5 que, "el Ministerio Público y los miembros de la Policía Estatal, en todos los casos, y otros funcionarios y empleados públicos, en los casos relacionados con el desempeño de sus deberes y funciones, podrán, sin embargo, firmar y jurar denuncias cuando los hechos constitutivos del delito les consten por información y creencia."

A su vez, la Regla 35 de dicho cuerpo procesal penal, 34 LPRA Ap. II, establece todo lo relativo al contenido de la denuncia o acusación, según sea el caso. En síntesis, el inciso "(c)" dispone que la acusación deberá contener una "exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, y de tal modo que pueda entenderla cualquier persona de inteligencia común." Agrega que "dicha exposición no tendrá que emplear estrictamente las palabras usadas en la ley, y podrá emplear otras que tuvieren el mismo significado." Deberá, según el inciso "(d)", contener, además, la cita de la ley, reglamento o disposición que se alegue han sido infringidos, pero la omisión de tal cita o una cita errónea se considerará como un defecto de forma. Véase, Regla 35(c) y (d), *supra*.

Para que el Ministerio Público pueda cumplir con lo anterior, no se le exige ningún lenguaje estereotipado o técnico en su redacción ni el uso estricto de las palabras dispuestas en el estatuto, **solo se le exige que el contenido exponga todos los hechos constitutivos del delito**. Pueblo v. Vélez Rodríguez, *supra*, pág. 629. De esa forma, "la función de la acusación o denuncia es crucial para el acusado pues, por virtud de ella, el acusado conoce los hechos que se le imputan, de suerte que

pueda preparar su defensa conforme a ellos". Pueblo v. Vélez Rodríguez, *supra*.

Por otro lado, la Regla 64 de Procedimiento Criminal, 34 LPRA Ap. II, contiene una serie de fundamentos que el imputado de delito puede invocar a los fines de solicitar la desestimación de una acusación o denuncia. Entre esos fundamentos, el inciso (a) de la Regla 64, *supra*, dispone que "**la acusación o denuncia no imputa un delito"** y el inciso (p) cuando no se determinó causa probable por un magistrado o no se ordenó la detención con arreglo a la ley y al derecho. (Énfasis nuestro).

## C.

El Artículo 246 del Código Penal, 33 LPRA sec. 5336, dispone que constituirá delito menos grave la resistencia u obstrucción al ejercicio de la autoridad a propósito o con conocimiento en cualquiera de las siguientes circunstancias: (a) Impedir a cualquier funcionario o empleado público en el cumplimiento o al tratar de cumplir alguna de las obligaciones de su cargo.

En cuanto a la modalidad establecida en el inciso (a) la Dra. Dora Nevares comenta que "[l]a conducta del sujeto consiste de impedir a propósito o con conocimiento que el funcionario o empleado cumpla con alguna de las obligaciones de [su] cargo. La conducta del funcionario o empleado público- la que el imputado impide ejercer-tiene que estar dentro del ámbito de las obligaciones del cargo. [...] Cualquier acto de oposición a la orden lícita que un funcionario o empleado público trata de hacer constituye una resistencia [...]." D. Nevares - Muñiz, Código Penal de Puerto Rico Comentado, San Juan, Instituto para el Desarrollo del Derecho, Inc., 2019, pág. 383.

**D.**

El Artículo 10.22 de la Ley de Vehículos y Tránsito de Puerto Rico" Ley Núm. 22-2000, según enmendada, 9 LPRA sec. 5302, dispone que, "

> Todo conductor deberá detenerse inmediatamente cuando un agente del orden público, entendiéndose Policía, Policía Municipal, Policía Portuaria, dentro de las facilidades portuarias, Inspectores de la Comisión de Servicio Público en el caso de vehículos o servicios bajo su jurisdicción, o el Cuerpo de Vigilantes del Departamento de Recursos Naturales y Ambientales, se lo requiriere. Después que se le informe el motivo de la detención y las violaciones de la ley que aparentemente haya cometido, el conductor vendrá obligado igualmente a identificarse con dicho agente si así éste se lo solicitare, y también deberá mostrarle todos los documentos que de acuerdo con esta Ley y sus reglamentos debe llevar consigo o en el vehículo.

**III.**

El peticionario alega que la razón por la cual el agente de orden público le dio la instrucción de que "se detuviera" fue por una supuesta infracción, (no especificada en la denuncia), a la Ley de Vehículos y Tránsito de Puerto Rico, Ley 22-2000[2]. Adujo que el no seguir la instrucción de detenerse, no es razón suficiente para que se configure un delito por el Artículo 246 del Código Penal. Mencionó que la denuncia tal y como está redactada no imputa delito alguno. Sostuvo que ni en virtud de la Ley 22 ni por el Código Penal, aparece tipificado de forma clara y precisa que el no detenerse, constituya un delito o falta.

Independientemente a las razones que tuvo el agente de orden público para ordenarle al señor Hernández Gaya que se detenga, la denuncia tal cual redactada establece que el policía Ramos le solicitó al señor Hernández Gaya que se detuviera y este hizo caso omiso a esa instrucción. Estos hechos no están en disputa. En la denuncia también se indica que ello conllevó que

---

[2] Recurso de certiorari, pág. 7 y nota al calce número 2.

se iniciara un seguimiento por diferentes calles del pueblo de Mayagüez.

De la denuncia claramente surge que un agente dio una orden, acto que está dentro de sus funciones, y el imputado no la acató, lo que conllevó un seguimiento. Por estos hechos, se le imputó al peticionario infringir el Artículo 246 del Código Penal, el cual declara que, "[c]onstituirá delito menos grave la resistencia u obstrucción al ejercicio de la autoridad a propósito o con conocimiento en cualquiera de las siguientes circunstancias: (a) Impedir a cualquier funcionario o empleado público en el cumplimiento o al tratar de cumplir alguna de las obligaciones de su cargo."

Obsérvese que la denuncia, según redactada, es adecuada para informarle a la persona de inteligencia común de la comisión de un delito. Este documento cumplió con el requisito de notificarle al peticionario de todos los hechos constitutivos del delito imputado.

Así pues, luego de analizar los planteamientos esbozados por las partes, a la luz del derecho vigente entendemos procede expedir el recurso de certiorari y al determinar que existen circunstancias que ameritan nuestra confirmación de la Resolución recurrida, así lo hacemos. Tampoco percibimos que haya mediado prejuicio o parcialidad en el dictamen recurrido, ni que éste sea contrario a Derecho. En consecuencia, procede la expedición del auto solicitado y expedido se confirma la Resolución ante nuestra consideración.

**IV.**

Por los fundamentos expuestos, los que se hacen formar parte de esta Sentencia, expedimos el auto de *certiorari* solicitado

por el señor Hernández Gaya y procedemos a confirmar la Resolución emitida por el Tribunal de Primera Instancia.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones